# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| ENERGIZER BRANDS, LLC, | : |
| Plaintiff, | : Civil Action No. _____ |
| | : |
| v. | : **JURY TRIAL DEMANDED** |
| | : |
| SPECTRUM BRANDS HOLDINGS, INC., | : |
| Defendant. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## VERIFIED COMPLAINT

Plaintiff ENERGIZER BRANDS, LLC ("Energizer" or "Plaintiff"), by its attorneys, hereby alleges as follows for its verified complaint against defendant SPECTRUM BRANDS HOLDINGS, INC. ("Spectrum" or "Defendant"):

## NATURE OF THE ACTION

1.     This is an action for preliminary and permanent injunctive relief, and to recover for Defendant's willful and malicious acts of trademark infringement, trade dress infringement, unfair competition and false designation of origin under 15 U.S.C. §§ 1114 and 1125(a); trademark and trade dress dilution by blurring and tarnishment under 15 U.S.C. § 1125(c); copyright infringement under 17 U.S.C. §§ 101 et seq.; unfair competition under Mo. Rev. Stat. § 407.020; injury to business reputation, trademark dilution, and trade dress dilution under Mo. Rev. Stat. § 417.061; and trademark infringement, trade dress infringement and unfair competition under Missouri common law.

2.     Simply put, this case is about Defendant's unlawful acts to boost the sales of its batteries, by cloaking them in trade dress and packaging that is confusingly similar to the well-known trade dress and packaging of its successful rival, Energizer.  Specifically, Energizer has

recently become aware of the following new Spectrum trade dress for its RAYOVAC brand batteries, shown side-by-side here with Energizer's widely recognized, distinctive, and famous trade dress:

 

 

 

 

 

 

 

 

 

These side-by-side photographs of the parties' respective battery products are also attached hereto as Exhibit 1.

3.      As made clear by the images above, Defendant Spectrum has recently revised its packaging to simulate the long-established and well-known ENERGIZER brand and its

4

distinctive and famous trade dress.   As a result, consumer confusion is not only likely, it is certain. Spectrum's conduct is a clear and calculated campaign to prey on consumer confusion and thereby trade on Energizer's extensive fame and goodwill. Energizer respectfully requests immediate injunctive relief to protect consumers against Defendant's fraud and to safeguard the enormous goodwill and consumer loyalty that Energizer has painstakingly built for decades in its ENERGIZER brand.

4.    Plaintiff manufactures, advertises, distributes, and sells, under the world-famous ENERGIZER brand, a wide range of household products throughout the United States and internationally, including the popular line of ENERGIZER MAX® batteries, ENERGIZER Recharge® batteries, ENERGIZER Ultimate Lithium™ batteries, and certain specialty batteries, such as coin lithium batteries.

5.    Since at least 2010, ENERGIZER batteries have been continuously marketed and sold in an iconic, distinctive and famous product packaging that combines the following elements (the "ENERGIZER Trade Dress"):

- A primarily black heading section with large white block lettering and a colored trim (reddish for ENERGIZER MAX® and coin lithium batteries; green for ENERGIZER Recharge® batteries; and blue for ENERGIZER Ultimate Lithium™ batteries);

- A wavy line dividing the primarily black heading section from the bottom colored section;

- The name of the brand ("ENERGIZER") in large white block lettering at the top of the package, and the name of the sub-brand ("MAX" or "Recharge" or "Ultimate Lithium") in smaller colored letters (yellow for ENERGIZER MAX®; green for ENERGIZER Recharge®; and blue for ENERGIZER Ultimate Lithium™) or the name of the battery type for coin lithium batteries (e.g., "2032") in smaller black letters, underneath and to the side;

- Curved lines that flow into a colored background (yellow to red for ENERGIZER MAX® and coin lithium batteries; light green to a darker green for ENERGIZER Recharge®; and light blue to a darker blue for ENERGIZER Ultimate Lithium™)

(the "Beam Design"), located beneath the black heading section;

- A colored design taking up approximately the bottom two-thirds of the packaging (red, orange and yellow for ENERGIZER MAX® and coin lithium batteries; green for ENERGIZER Recharge®; and blue for ENERGIZER Ultimate Lithium™);

- Clear plastic casing under the black heading section exposing the batteries in silver and another color that corresponds with the packaging color scheme or, in the case of coin lithium batteries, exposing a silver round flat battery.

Photographs of some of Energizer's product packages featuring the ENERGIZER Trade Dress are attached as Exhibit 2.

6.      In addition to being inherently distinctive, the ENERGIZER Trade Dress is widely recognized by retailers and consumers as a result of Energizer's active and ongoing promotion of this trade dress, including through television, digital, and print advertising, the widespread distribution and sale of ENERGIZER batteries in the ENERGIZER Trade Dress in major retail chains nationwide, and the extensive commercial sales of ENERGIZER batteries in the ENERGIZER Trade Dress.

7.      Energizer also uses the Beam Design on other household products that it advertises, distributes, and sells, under the ENERGIZER brand, further enhancing the widespread recognition of Energizer's Beam Design.

8.      The Beam Design is also the subject of two federal trademark registrations, and is an extremely strong and inherently distinctive mark.

9.      In addition, Energizer has registered original artistic work relating to the Beam Design appearing in the ENERGIZER Trade Dress with the U.S. Copyright Office.

10.     Defendant Spectrum is a competing manufacturer and supplier of batteries, sold under the RAYOVAC brand.   RAYOVAC batteries are sold in retail outlets that also sell ENERGIZER batteries, typically in the same section, or even on the same shelf or display as

6

ENERGIZER batteries.  Spectrum has recently begun a campaign to progressively and radically change the product packaging for its RAYOVAC batteries to closely mimic the ENERGIZER Trade Dress (the "Infringing Packaging"), and to incorporate elements that are confusingly and substantially similar to the Beam Design.  Photographs of RAYOVAC batteries sold in the packaging Spectrum used prior to adopting the Infringing Packaging are attached as Exhibit 3.  Photographs of RAYOVAC batteries sold in the Infringing Packaging are attached as Exhibit 4.

11.     Spectrum's Infringing Packaging for its RAYOVAC batteries mimics so closely the look of the ENERGIZER Trade Dress and the Beam Design that Spectrum's simulation cannot be a coincidence.

12.     Indeed, Spectrum's own Executive Chairman confirmed the company's plans to deliberately target Energizer and cause Energizer competitive harm.  Specifically, during a presentation to investors and potential investors on October 12, 2016, Spectrum's Executive Chairman, Mr. David Maura, made the following disparaging and false statements about Energizer:

> And the Energizer Bunny has been lying for a long time. . . .
>
> So I'm telling you if you're buying your kids' XBOXs' Energizer batteries you are literally lighting your money on fire.  And we're going to get that message across, and we're going to grow our business. . . .

A copy of the relevant pages of the transcript of this presentation, containing Mr. Maura's statements, is attached as Exhibit 5.

13.     As a result of Spectrum's infringing activity, there is a substantial likelihood that consumers will confuse Spectrum's RAYOVAC batteries with Plaintiff's ENERGIZER batteries, and will mistakenly believe that Energizer has created, endorsed, or is affiliated with Spectrum's RAYOVAC batteries.  On information and belief and as set forth in detail herein, the

7

substantial similarity between the ENERGIZER Trade Dress and the Infringing Packaging, and the Infringing Packaging's use of designs that are confusingly similar to Energizer's Beam Design, was willful and intentional, and not coincidental.  Spectrum is unlawfully deriving sales and profits from the Infringing Packaging and its use of the Beam Design, and Energizer is suffering substantial financial damages, as well as immediate and ongoing irreparable harm to its goodwill and reputation.

## THE PARTIES

14.     Plaintiff Energizer Brands, LLC is a Delaware limited liability company with a principal place of business at 533 Maryville University Drive, St. Louis, Missouri, 63141. Energizer manufactures, advertises, distributes, and sells various types of batteries under the world-famous ENERGIZER brand throughout the United States and internationally.

15.     On information and belief, defendant Spectrum Brands Holdings, Inc. is a Delaware company with its principal place of business at 3001 Deming Way, Middleton, Wisconsin 53562. Spectrum also manufactures, advertises, distributes and sells various types of batteries throughout the United States and internationally under the RAYOVAC brand, and directly competes with Plaintiff in this market.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over the subject matter of this action under Section 39 of the Lanham Act (15 U.S.C. § 1121), and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over Energizer's related state statutory and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

17.     This Court has personal jurisdiction over Defendant because (a) Defendant has committed tortious acts in the State of Missouri and this judicial district, and Plaintiff's claims

8

arise out of such acts; (b) Defendant's products sold in packaging that infringes Plaintiff's trade dress are available for purchase in the State of Missouri and this judicial district, (c) Defendant regularly conducts business in the State of Missouri and this judicial district; and (d) Defendant has otherwise made or established contacts in the State of Missouri and this judicial district sufficient to permit the exercise of personal jurisdiction.

18.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## ALLEGATIONS OF FACT

**A.     ENERGIZER Batteries, Trade Dress, Trademarks, and Copyrights**

19.     Energizer and its predecessors-in-interest have manufactured, advertised, distributed, and sold a wide variety of products in interstate commerce, including batteries under the world-famous ENERGIZER brand, since at least 1955.  ENERGIZER batteries are currently one of the best-selling brands of batteries in the United States.  ENERGIZER batteries are sold throughout the United States and their annual U.S. sales are currently in the hundreds of millions of dollars.  Of these sales, by far the highest volume is attributable to sales of AA batteries.

20.     ENERGIZER batteries are sold nationwide through a variety of channels, including grocery stores, drugstores, convenience stores, large retail chains (e.g., Wal-Mart, Target, Best Buy), club retail outlets (e.g. Sam's Club and Costco), and other retail locations. ENERGIZER batteries are typically sold for under $10 per pack, and consumers often buy these products as an impulse purchase.

21.     To distinguish ENERGIZER batteries from other brands of batteries on the market, Energizer has adopted a unique, distinctive, and non-functional trade dress for the packaging of its ENERGIZER batteries.  *See supra* ¶ 5; Ex. 2.

22.     The Energizer Trade Dress is original and inherently distinctive, and is widely

recognized by both consumers and retailers as emanating from a single source.

23.     As part of the ENERGIZER Trade Dress, Energizer uses the Beam Design depicted below:



24.     Energizer owns and maintains the following registrations for the Beam Design, both alone and with the ENERGIZER word mark (collectively, the "Beam Trademarks"), on the Principal Register of the United States Patent and Trademark Office (the "USPTO"), together with all right, title, and interest in the marks shown therein, and all of the business and goodwill represented thereby (collectively, the "Beam Trademark Registrations"):

| Trademark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| *Energizer* | 4280047 | January 22, 2013 | Batteries and battery chargers |
| | 4251701 | November 27, 2012 | Batteries and battery chargers |

Copies of U.S. Certificates of Registration for the Beam Trademark Registrations are attached collectively as Exhibit 6.

25.     Energizer has also registered original artistic work relating to the Beam Design with the U.S. Copyright Office (collectively, the "Beam Copyright Registrations"), including those shown below:

| Design | Title | Reg. No. | Reg. Date |
|---|---|---|---|
|  | Energy   Beam Red/Yellow | VA 1-729-610 | July 29, 2010 |
|  | Energy   Beam Red Card | VA 1-736-014 | August 9, 2010 |
|  | Energy   Beam Green | VA 1-729-611 | July 29, 2010 |

| Design | Title | Reg. No. | Reg. Date |
|---|---|---|---|
|  | Energy Beam Green Card | VA 1-736-020 | August 9, 2010 |
|  | Energy Beam Blue | VA 1-729-613 | July 29, 2010 |
|  | Energy Beam Blue Card | VA 1-736-012 | August 9, 2010 |
|  | Energy Beam Blk/White | VA 1-729-615 | July 29, 2010 |

Copies of the Beam Copyright Registrations are attached collectively as Exhibit 7.

26.     Since at least 2010, Energizer has continuously marketed and sold ENERGIZER batteries under the ENERGIZER Trade Dress.

27.     Energizer has devoted enormous resources to the marketing, advertising, and promotion of batteries sold under the ENERGIZER Trade Dress, including in television commercials, online, digital advertising, and in print publications. During the last five years alone, Energizer has spent more than $300 million promoting ENERGIZER products in the United States, and the vast majority of that advertising, marketing, and promotional material relates to batteries sold under the ENERGIZER Trade Dress. That investment has resulted in the sale of more than 4 billion units of ENERGIZER batteries in the U.S. over the last five years, the vast majority of which have been sold under the ENERGIZER Trade Dress.

28.     As a direct result of Energizer's long and continuous use of the ENERGIZER Trade Dress in connection with its products, Energizer's extensive advertising, promotion, distribution, and sale of products under this trade dress, as well as the inherent distinctiveness of this trade dress, the consuming public has come to recognize the ENERGIZER Trade Dress as used by Energizer, and to associate and identify the goods and services offered and sold under the ENERGIZER Trade Dress exclusively with Energizer.  This trade dress has thus acquired invaluable goodwill, recognition, and secondary meaning among retailers and consumers.

29.     In addition to using the Beam Trademarks on the product packaging of ENERGIZER batteries as part of the ENERGIZER Trade Dress, Energizer also prominently features the Beam Trademarks on its website located at <energizer.com>, and frequently uses the Beam Trademarks for other commercial purposes, including on flashlights, other licensed products, in-store displays and other promotional materials. Such uses of the Beam Trademarks in connection with additional goods and services further strengthen and broaden the scope of protection afforded those marks.

30.     In sum, the ENERGIZER Trade Dress and the Beam Trademarks are strong,

famous, inherently distinctive, have achieved secondary meaning, and have come to be exclusively identified with Energizer.  As such, the ENERGIZER Trade Dress and the Beam Trademarks have by any measure become famous within the meaning of 15 U.S.C. § 1125(c) and are entitled to the widest scope of protection under federal and state trademark infringement, trade dress infringement, unfair competition, and anti-dilution laws.

**B.** **Spectrum's Unauthorized, Infringing, Dilutive, and Unfairly Competitive Activities**

31.    Spectrum, like Energizer, distributes and sells batteries to consumers, and is a direct competitor to Energizer.

32.    Spectrum is well aware of the popularity and fame of Plaintiff's ENERGIZER Trade Dress and Beam Trademarks, and the goodwill represented and symbolized by each.

33.    Nevertheless, with full awareness of, and indeed because of that popularity, fame, and goodwill, Spectrum has undertaken in bad faith, through its Infringing Packaging, to capitalize on the popularity of, and demand for, ENERGIZER batteries and the marks, trade dress, and indicia associated with that product, and to divert Plaintiff's sales to Spectrum by infringing and diluting Plaintiff's ENERGIZER Trade Dress and Beam Trademarks.

34.    Spectrum has recently begun selling and offering for sale its RAYOVAC Fusion batteries in Infringing Packaging.  This Infringing Packaging contains elements substantially similar to the Beam Design, and is confusingly similar to, and closely copies the distinctive elements (including the Beam Design) and overall look and feel of, the Energizer Trade Dress. Spectrum's Infringing Packaging for its RAYOVAC Fusion batteries, like Energizer's packaging for its ENERGIZER MAX® batteries, now features:

- A primarily black heading section with large white block lettering and reddish trim;

- A wavy line dividing the primarily black heading section from the bottom colored

14

section;

- The name of the brand ("RAYOVAC") in large white block lettering at the top of the package, and the name of the sub-brand ("Fusion") in smaller yellow letters underneath and to the side;

- Curved yellow lines that flow into a red background, located beneath the black heading section, which is substantially similar to the Beam Design;

- A red, orange, and yellow design taking up approximately the bottom two-thirds of the packaging; and

- Plastic casing under the black heading exposing batteries in silver and red to correspond with the packaging's red color scheme.

Side-by-side photographs of RAYOVAC Fusion batteries in the Infringing Packaging and ENERGIZER MAX® batteries are included in Exhibit 1 and are reproduced here:

 

 

 

35. Energizer has recently become aware that Spectrum has also started to sell and offer for sale its RAYOVAC Recharge, RAYOVAC High Energy, and coin lithium 2032 batteries in Infringing Packaging, which likewise contain elements substantially similar to the Beam Design, and are confusingly similar to, and closely copy the distinctive elements (including the Beam Design) and overall look and feel of, the Energizer Trade Dress.

36. Spectrum's Infringing Packaging for its RAYOVAC coin lithium 2032 batteries, like Energizer's packaging for its ENERGIZER coin lithium batteries, features:

- A primarily black heading section with large white block lettering;

- A wavy line dividing the primarily black heading section from the bottom colored section;

- The name of the brand ("RAYOVAC") in large white block lettering at the top of the package, and the name of the battery type ("CR2032") in smaller black letters underneath and to the right, against a white background;

- Curved yellow lines that flow into a red background, located beneath the black heading section, which is substantially similar to the Beam Design;

- A red, orange, and yellow design taking up approximately the bottom two-thirds of the packaging; and

- Plastic casing under the black heading exposing a silver round flat battery.

A side-by-side photograph of RAYOVAC coin lithium 2032 batteries in the Infringing Packaging and ENERGIZER coin lithium 2032 batteries is included in Exhibit 1 and is

reproduced here:

 

37.     Spectrum's Infringing Packaging for its RAYOVAC Recharge batteries, like

Energizer's packaging for its ENERGIZER Recharge® batteries, features:

- A primarily black heading section with large white block lettering and green trim;

- A wavy line dividing the primarily black heading section from the bottom colored section;

- The name of the brand ("RAYOVAC") in large white block lettering at the top of the package, and the name of the sub-brand ("Recharge") in smaller green letters underneath and to the side;

- Curved light green lines that flow into a darker green background, located beneath the black heading section, which is substantially similar to the Beam Design;

- A green design taking up approximately the bottom two-thirds of the packaging; and

- Plastic casing under the black heading exposing batteries in silver and green to correspond with the packaging's green color scheme.

Side-by-side photographs of RAYOVAC Recharge batteries in the Infringing Packaging and

ENERGIZER Recharge® batteries are included in Exhibit 1 and are reproduced here:

17

 

 

38.     Spectrum's Infringing Packaging for its RAYOVAC High Energy batteries, like

Energizer's packaging for its ENERGIZER Ultimate Lithium™ batteries, features:

- A primarily black heading section with large white block lettering and blue trim;

- A wavy line dividing the primarily black heading section from the bottom colored section;

- The name of the brand ("RAYOVAC") in large white block lettering at the top of the package, and the name of the sub-brand ("High Energy") in smaller blue letters underneath and to the side;

- Curved light blue lines that flow into a darker blue background, located beneath the black heading section, which is substantially similar to the Beam Design;

- A blue design taking up approximately the bottom two-thirds of the packaging; and

- Plastic casing under the black heading exposing batteries in silver and blue to correspond with the packaging's blue color scheme.

18

Side-by-side photographs of RAYOVAC High Energy batteries in the Infringing Packaging and ENERGIZER Ultimate Lithium™ batteries are included in Exhibit 1 and are reproduced here:

 

 

 

39.     The confusion caused by Spectrum's Infringing Packaging for its RAYOVAC High Energy batteries is particularly harmful to Energizer and to consumers because, despite the striking visual similarity between this packaging and the ENERGIZER Ultimate Lithium™ packaging, the batteries contained within are a completely different chemistry and are not even close to apples-to-apples in performance.  ENERGIZER Ultimate Lithium™ batteries, which are

*lithium* batteries, are far and away the best performing batteries on the market, and are in fact the world's longest lasting AA battery. RAYOVAC High Energy batteries, on the other hand, are *alkaline* batteries that do not perform at or even close to parity with ENERGIZER Ultimate Lithium™. In fact, RAYOVAC High Energy batteries are not even Rayovac's highest performing batteries. Spectrum's imitation of the ENERGIZER Ultimate Lithium™ packaging for its inferior RAYOVAC High Energy batteries will therefore cause particular injury to consumers who are deceived into thinking they are purchasing the world's longest lasting AA battery, but instead end up with a battery that has far inferior performance. This will, in turn, injure the goodwill Energizer has built as the manufacturer of extremely long-lasting batteries. This is a clear indication of Spectrum's strategy of passing its products off as those of Energizer in order to trade on and profit from the resulting consumer confusion.

40.     A comparison of the ENERGIZER Trade Dress on the one hand, and Spectrum's Infringing Packaging on the other hand, shows that Spectrum's Infringing Packaging looks extremely similar to Energizer's packaging, and infringes and dilutes Energizer's rights in the ENERGIZER Trade Dress, the Beam Trademarks, and the Beam Design. *See* Ex. 1.

41.     Spectrum is not authorized or licensed to distribute, market, or sell any products incorporating or using the ENERGIZER Trade Dress, the Beam Trademarks, the Beam Design, or any imitations of those marks or dilutive, confusingly similar, or substantially similar indicia.

42.     Spectrum's Infringing Packaging immediately evokes Plaintiff's famous ENERGIZER Trade Dress and Beam Trademarks, and will cause consumers to believe that Spectrum's RAYOVAC batteries originate with or are line extensions from the maker of ENERGIZER batteries.

43.     Moreover, batteries are low-cost, low-involvement purchases. The vast majority

20

of products in this category are priced under $20 per pack (and more often under $10 per pack), and are often not planned purchases, but rather picked up by consumers on impulse when consumers see them in stores.  Accordingly, consumers will not exercise a great degree of care when purchasing these products, thereby exacerbating the likelihood of confusion.

44.     Spectrum's batteries in the Infringing Packaging are already being sold and will likely continue to be sold in the same trade channels and in immediate proximity to Plaintiff's ENERGIZER batteries.

45.     On information and belief, Spectrum's infringement of Plaintiff's ENERGIZER Trade Dress and the Beam Trademarks is intentional and willful, not coincidental.  Spectrum had access to the ENERGIZER Trade Dress and the Beam Trademarks, which appear on ENERGIZER batteries that are widely advertised and sold online and in stores throughout the country, typically in the same sections of the same stores where Spectrum's RAYOVAC batteries are sold.  Moreover, there is no conceivable legitimate reason or need for Spectrum to copy the non-functional Energizer Trade Dress.

46.     In fact, prior to its adoption of the Infringing Packaging for RAYOVAC Fusion batteries, Spectrum's packaging for these batteries featured an almost entirely red backdrop, with no black heading section, and did not resemble the packaging for ENERGIZER MAX® batteries and the Energizer Trade Dress:

  

Ex. 3.  In addition, the batteries themselves formerly featured red text on silver instead of black on silver, did not include a line or design demarcating the top colored portion of the battery from the bottom silver portion, and did not confine the text of the brand or sub-brand name to the bottom silver portion of the battery.  Each of these changes to the appearance of the batteries themselves, which are displayed through the clear plastic casing of the product packaging, also renders the overall appearance of the Infringing Packaging more similar to the Energizer Trade Dress.

47.      Similarly, prior to its adoption of the Infringing Packaging for RAYOVAC coin lithium 2032 batteries, Spectrum's packaging for these batteries featured an almost entirely blue and white backdrop, with the battery type printed in the lower right hand corner against a yellow background, which also did not remotely resemble the packaging for Energizer coin lithium batteries and the Energizer Trade Dress:



Ex. 3.

48.     Prior to its adoption of the Infringing Packaging for RAYOVAC Recharge batteries, Spectrum's packaging for these batteries featured a green and white backdrop, with no black heading section.  In addition, the batteries themselves, which are displayed through the clear plastic casing of the product packaging, were entirely green, as opposed to silver and green like ENERGIZER Recharge® batteries.  This older packaging did not remotely resemble the packaging for ENERGIZER Recharge® and the Energizer Trade Dress.




Ex. 3.

49.     Along the same lines, prior to its adoption of the Infringing Packaging for

RAYOVAC High Energy batteries, Spectrum's packaging for these batteries featured a pale blueish-grey and white backdrop, with no black heading section.  The batteries themselves were entirely blueish-grey, as opposed to silver and blue like ENERGIZER Ultimate Lithium™ batteries.  This older packaging did not remotely resemble the packaging for Energizer Ultimate Lithium™ and the Energizer Trade Dress:



Ex. 3.

50.     Spectrum has therefore intentionally encroached on Energizer's intellectual property rights by changing the packaging for its various RAYOVAC batteries, as well as the appearance of the batteries themselves, to closely resemble the Energizer Trade Dress and to incorporate the Beam Design.  Spectrum's unlawful actions are part of a deliberate bad faith attempt to misappropriate Energizer's extensive goodwill in, consumer recognition of, and extensive marketing, promotion, and advertising of ENERGIZER batteries, the ENERGIZER Trade Dress, and the Beam Trademarks, to enhance the sales of Spectrum's infringing products.

**C.      The Effects of Defendant's Unlawful Activities**

51.     Spectrum's distribution, marketing, sale, and use in commerce of the Infringing Packaging is unauthorized, infringing, and likely to confuse consumers.

52.     Upon information and belief, Spectrum's infringement of the ENERGIZER Trade Dress and the Beam Trademarks, and its marketing, distribution, offering for sale and sale of its products in the Infringing Packaging has generated substantial sales and profits for Spectrum and has driven Plaintiff's existing and potential customers to purchase batteries from Spectrum, at Plaintiff's expense.

53.     The actual and, upon information and belief, the intended effect of Spectrum's use of the ENERGIZER Trade Dress and the Beam Trademarks is to cause retailers and consumers to be confused or deceived or to mistakenly believe that Spectrum's batteries sold in the Infringing Packaging are made, sponsored, endorsed, authorized by, or in some other manner affiliated with Energizer, which they are not.  This is especially damaging with respect to those persons who perceive a defect or lack of quality in Spectrum's batteries sold in the Infringing Packaging.  The likelihood of confusion, mistake, and deception engendered by Spectrum's use of the Infringing Packaging is thus causing irreparable harm to the goodwill symbolized by the ENERGIZER Trade Dress and the Beam Trademarks and the reputation for quality that they embody.

54.     Upon information and belief, at a minimum, the actual and intended effect of Spectrum's infringement is also that consumers' attention will initially be drawn to Spectrum's products in stores due to their infringing appearance that mimics the appearance of Energizer's trade dress, and this initial attention will lead consumers to purchase or consider purchasing Spectrum's products.

55.     As a direct and proximate result of Spectrum's infringing activities, Energizer is suffering irreparable injury for which there is no adequate remedy at law, including but not limited to the dilution of its brand equity in the eyes of retailers and consumers.  Furthermore,

absent injunctive relief, Energizer will continue to suffer irreparable injury for which there is no adequate remedy at law.

56.     Upon information and belief, Spectrum has derived certain direct and indirect benefits and profits from its unlawful distribution, marketing, and sale of products in the Infringing Packaging, all at Energizer's economic and reputational expense.

57.     The foregoing actions by Spectrum have caused and will continue to cause Energizer to suffer damages, including but not limited to lost sales, lost profits, and damaged goodwill.

58.     Upon information and belief, the foregoing acts by Spectrum have been willful, wanton, intentional, malicious, and purposeful or in reckless disregard of, or with callous indifference to, Energizer's rights.

59.     Spectrum's foregoing acts have occurred in interstate commerce and in a manner affecting interstate commerce.

60.     The activities of Spectrum complained of herein have also damaged Energizer in an amount that is not yet determined.

## COUNT ONE
## FEDERAL TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION, 15 U.S.C. § 1125(a)

61.     Energizer repeats and realleges each of the allegations above as if fully set forth herein.

62.     Energizer is the owner of the ENERGIZER Trade Dress, which is protectable at law, including under the Lanham Act. The ENERGIZER Trade Dress is non-functional and highly distinctive, and has become associated in the public mind with high quality batteries from a single source. The ENERGIZER Trade Dress has acquired secondary meaning by virtue of its extensive promotion, the widespread distribution of Energizer battery products in the

ENERGIZER Trade Dress in major retail chains nationwide, and the extensive commercial sales of Energizer's battery products in the ENERGIZER Trade Dress.

63. Spectrum is infringing the ENERGIZER Trade Dress in connection with the distribution, marketing, and sale of Spectrum's RAYOVAC batteries in Infringing Packaging in interstate commerce and in a manner substantially affecting commerce. Spectrum's actions (a) are likely to cause confusion or mistake or to deceive the relevant consuming public; (b) are likely to cause consumers to mistakenly believe that Energizer has manufactured, sponsored, authorized, or licensed Spectrum's products for sale, and/or that Spectrum's products are being distributed by an authorized distributor; (c) are likely to at minimum cause consumers' attention to initially be drawn to Spectrum's RAYOVAC batteries due to these products' infringing appearance that mimic the appearance of Energizer's competing batteries; and (d) are likely to damage the reputation and goodwill previously established by Energizer in its batteries and in the ENERGIZER Trade Dress. Spectrum's foregoing acts constitute trade dress infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a).

64. Furthermore, Spectrum's acts of distributing, marketing, and selling its RAYOVAC batteries with packaging that is confusingly similar to Plaintiff's ENERGIZER Trade Dress constitutes unfair competition, false designations of origin and false descriptions of fact that are likely to cause confusion, mistake, or to deceive as to the source, affiliation, connection, association, or approval of Spectrum and/or Spectrum's goods, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

65. Upon information and belief, Spectrum's activities as described above have been willful, wanton, and in deliberate disregard of Plaintiff's trade dress rights, and for the purpose of intentionally misappropriating and capitalizing on Plaintiff's goodwill.

66.     Spectrum's aforesaid acts are exceptional within the meaning of 15 U.S.C § 1117.

67.     As a direct and proximate result of Spectrum's unlawful conduct, Spectrum has misappropriated Energizer's rights in the ENERGIZER Trade Dress, as well as the goodwill associated therewith, and has diverted sales and profits from Energizer to Spectrum.  Thus, as a direct and proximate result of Spectrum's acts of willful infringement, Energizer has suffered damage to its valuable brand, and other damages in an amount to be proved at trial, including Spectrum's profits and Energizer's lost profits.

68.     Energizer has no adequate remedy at law.  If Spectrum's activities are not enjoined, Energizer will continue to suffer irreparable harm and injury to its goodwill and reputation.

**COUNT TWO**
**FEDERAL TRADEMARK INFRINGEMENT OF**
**THE BEAM TRADEMARKS, 15 U.S.C. § 1114**

69.     Energizer repeats and realleges each of the allegations above as if fully set forth herein.

70.     Energizer is the owner of the federally-registered Beam Trademarks.

71.     Through Energizer's exclusive use and promotion, as well as substantial sales, the Beam Trademarks, which are inherently distinctive, have garnered widespread public recognition in the United States, and have become well-known and famous among consumers.

72.     Spectrum's unauthorized use and intended use in commerce of the Beam Trademarks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Spectrum's batteries offered in conjunction with these marks are affiliated, connected, or associated with Energizer batteries, or have Energizer's sponsorship, endorsement, or approval, or are regional variations, line extensions, or brand variants of

28

Energizer batteries, or otherwise originate from Energizer, in violation of 15 U.S.C. § 1114.

73.     Upon information and belief, Spectrum's activities as described above have been willful, wanton, and in deliberate disregard of Plaintiff's trademark rights, and for the purpose of intentionally misappropriating and capitalizing on Plaintiff's goodwill.

74.     Spectrum's aforesaid acts are exceptional within the meaning of 15 U.S.C § 1117.

75.     As a direct and proximate result of Spectrum's unlawful conduct, Spectrum has misappropriated Energizer's rights in the Beam Trademarks, as well as the goodwill associated therewith, and has diverted sales and profits from Energizer to Spectrum.  Thus, as a direct and proximate result of Spectrum's acts of willful infringement, Energizer has suffered damage to its valuable trademarks, and other damages in an amount to be proved at trial, including Spectrum's profits and Energizer's lost profits.

76.     Energizer has no adequate remedy at law.  If Spectrum's activities are not enjoined, Energizer will continue to suffer irreparable harm and injury to its goodwill and reputation.

**COUNT THREE**
**FEDERAL TRADEMARK DILUTION OF**
**THE ENERGIZER TRADE DRESS AND BEAM TRADEMARKS, 15 U.S.C. § 1125(c)**

77.     Energizer repeats and realleges each of the allegations above as if fully set forth herein.

78.     Energizer's Beam Trademarks and the ENERGIZER Trade Dress are valid, distinctive, non-functional marks, and have become famous by virtue of, *inter alia*, their strong brand recognition, extent of use, extent of advertising, publicity, and nationwide usage.

79.     Energizer owns all rights, title, and interests in and to the Beam Trademarks and the ENERGIZER Trade Dress.

80.     Spectrum's foregoing willful and bad faith acts dilute and tarnish, and are likely to and will continue to dilute and tarnish, the distinctive qualities of the Beam Trademarks and the ENERGIZER Trade Dress in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Spectrum's acts discussed above all took place after the Beam Trademarks and the ENERGIZER Trade Dress became famous, and (a) blur and impair these marks' and trade dress's ability to act as distinctive identifiers of source or origin, (b) tarnish the Beam Trademarks and the ENERGIZER Trade Dress and harm their reputation, and (c) circumvent Energizer's efforts to maintain the integrity of the products with which these trademarks are associated

81.     Spectrum's aforesaid acts are exceptional within the meaning of 15 U.S.C § 1117.

### COUNT FOUR
### COPYRIGHT INFRINGEMENT, 17 U.S.C. § 101 *ET SEQ.*

82.     Energizer repeats and realleges each of the allegations above as if fully set forth herein.

83.     Energizer owns valid, enforceable copyrights for the Beam Design, which are the subject of the Beam Copyright Registrations.

84.     Spectrum is infringing Energizer's copyrighted Beam Design by copying and making unauthorized use of the Beam Design or substantially similar designs.

85.     Spectrum's activities are in violation of 17 U.S.C. § 101 *et seq.*

86.     Spectrum's actions have been willful, knowing, and intentional.

87.     Energizer has been damaged by Spectrum's activities and will continue to sustain irreparable harm, for which there is no adequate remedy at law, unless Spectrum's infringing actions are enjoined.

88.     Pursuant to Sections 504(b) and 504(c) of the Copyright Act, 17 U.S.C. § 504(b)-

(c), Energizer is entitled to recover from Spectrum the damages it has sustained and will sustain and any profits obtained by Spectrum as a result of or attributable to the infringement, or at Energizer's election, statutory damages of up to $150,000 per work infringed.

89.     In accordance with Section 505 of the Copyright Act, 17 U.S.C. § 505, Energizer also is entitled to recover its costs of litigation, including attorneys' fees.

## COUNT FIVE
## INJURY TO BUSINESS REPUTATION AND TRADEMARK DILUTION OF THE ENERGIZER TRADE DRESS AND BEAM TRADEMARKS UNDER MO. REV. STAT. § 417.061

90.     Energizer repeats and realleges each of the allegations above as if fully set forth herein.

91.     Energizer's Beam Trademarks and the ENERGIZER Trade Dress are valid, distinctive, non-functional marks, and have become famous by virtue of, *inter alia*, their strong brand recognition, extent of use, extent of advertising, publicity, and nationwide usage.

92.     Energizer owns all rights, title, and interests in and to the Beam Trademarks and the ENERGIZER Trade Dress, including all common-law rights.

93.     Spectrum's unauthorized imitation of Energizer's Beam Trademarks and the ENERGIZER Trade Dress, which on information and belief has been willful, dilutes and is likely to dilute the distinctive quality of the Beam Trademarks and the ENERGIZER Trade Dress and to injure Plaintiff's business reputation, by eroding the public's exclusive identification of the marks and trade dress with Energizer, tarnishing the positive associations of these marks and trade dress, and lessening the capacity of these marks and trade dress to identify and distinguish Energizer's goods.

**COUNT SIX**
**UNFAIR COMPETITION UNDER MO. REV. STAT. § 407.020**

94.    Energizer repeats and realleges each of the allegations above as if fully set forth herein.

95.    Spectrum's use of Energizer's Beam Trademarks and the ENERGIZER Trade Dress to promote and sell its RAYOVAC batteries is likely to cause confusion, mistake, and deception among consumers, the public and the trade as to whether Spectrum's products originate from, or are affiliated with, sponsored by, or endorsed by Energizer.

96.    Spectrum's conduct constitutes unfair competition in violation of Mo. Rev. Stat. § 407.020.

97.    Upon information and belief, Spectrum's activities as described above have been willful, wanton, and done with reckless indifference to Plaintiff's rights, and for the purpose of intentionally misappropriating and capitalizing on Plaintiff's goodwill.

98.    Spectrum's conduct is causing, and is likely to continue to cause, injury to the public and to Energizer.

99.    Energizer has no adequate remedy at law.  As a direct and proximate result of Spectrum's unlawful conduct, Energizer has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation, and customer goodwill.

100.    Spectrum has been unjustly enriched by its infringing conduct.

**COUNT SEVEN**
**TRADEMARK AND TRADE DRESS INFRINGEMENT UNDER MISSOURI COMMON LAW**

101.    Energizer repeats and realleges each of the allegations above as if fully set forth herein.

102.    Spectrum's use of Energizer's Beam Trademarks and the ENERGIZER Trade Dress to promote and sell its RAYOVAC batteries is likely to cause confusion, mistake, and deception among consumers, the public and the trade as to whether Spectrum's products originate from, or are affiliated with, sponsored by, or endorsed by Energizer.

103.    Spectrum's conduct constitutes trade dress and trademark infringement in violation of Missouri common law.

104.    Upon information and belief, Spectrum's activities as described above have been willful, wanton, and done with reckless indifference to Plaintiff's rights, and for the purpose of intentionally misappropriating and capitalizing on Plaintiff's goodwill.

105.    Spectrum's conduct is causing, and is likely to continue to cause, injury to the public and to Energizer.

106.    Energizer has no adequate remedy at law.  As a direct and proximate result of Spectrum's unlawful conduct, Energizer has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation, and customer goodwill.

**COUNT EIGHT**
**UNFAIR COMPETITION UNDER MISSOURI COMMON LAW**

107.    Energizer repeats and realleges each of the allegations above as if fully set forth herein.

108.    Spectrum's use of Energizer's Beam Trademarks and the ENERGIZER Trade Dress to promote and sell its RAYOVAC batteries is likely to cause confusion, mistake, and deception among consumers, the public and the trade as to whether Spectrum's products originate from, or are affiliated with, sponsored by, or endorsed by Energizer.

109.    Spectrum's conduct constitutes unfair competition in violation of Missouri

common law.

110.    Upon information and belief, Spectrum's activities as described above have been willful, wanton, and done with reckless indifference to Plaintiff's rights, and for the purpose of intentionally misappropriating and capitalizing on Plaintiff's goodwill.

111.    Spectrum's conduct is causing, and is likely to continue to cause, injury to the public and to Energizer.

112.    Energizer has no adequate remedy at law.  As a direct and proximate result of Spectrum's unlawful conduct, Energizer has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation, and customer goodwill.

113.    Spectrum has been unjustly enriched by its infringing conduct.

## PRAYER FOR RELIEF

WHEREFORE, Energizer prays for judgment against Spectrum as follows:

A.    That Spectrum, its officers, members, directors, agents, servants, employees, confederates, representatives, and all persons acting in concert or participation with them, be preliminarily and permanently enjoined and restrained from:

    (i)  Marketing and selling batteries or other household products in Infringing Packaging;

    (ii)  Using the ENERGIZER Trade Dress or any confusingly similar trade dress on or in connection with batteries or other household products;

    (iii)  Using the Beam Trademarks or any confusingly similar mark or design on or in connection with batteries or other household products;

    (iv)  Using any false designation of origin, or representing or suggesting directly or by implication that Spectrum or its products are affiliated with, associated with, authorized by, or otherwise connected to Energizer; that Spectrum is authorized by Energizer to use the ENERGIZER Trade Dress or the Beam Trademarks; or that Spectrum's batteries or other household products originate with Energizer or are

34

brand variants or line extensions of ENERGIZER batteries or other ENERGIZER household products;

(v)     Using any simulation, reproduction, copy, or colorable imitation of the ENERGIZER Trade Dress or the Beam Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any product or service in such a manner as to relate or connect, or tend to relate or connect, such product in any way to Energizer or any products or services sold, manufactured, sponsored, or approved by or connected with Energizer;

(vi)    Tarnishing, harming the reputation of, blurring, impairing the distinctiveness of, or otherwise diluting the ENERGIZER Trade Dress or Beam Trademarks;

(vii)   Engaging in any other activity constituting unfair competition with Energizer, or constituting infringement of the ENERGIZER Trade Dress or the Beam Trademarks;

(viii)  Using the Beam Design or any substantially similar logo, image, or other work.

(ix)    Instructing, assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in the subparagraphs (i) through (viii) above.

B.      That Spectrum be required to recall from the trade and all distribution channels any and all products, packaging, advertising, and promotional materials bearing or incorporating the ENERGIZER Trade Dress, Beam Trademarks, Beam Design, or any other mark, design, or configuration that is confusingly similar to or dilutes the ENERGIZER Trade Dress or Beam Trademarks, or is substantially similar to the Beam Design, including but not limited to any and all batteries packaged in Infringing Packaging, and any advertising and promotional materials depicting the Infringing Packaging.

C.      That Spectrum be required to deliver to the Court for destruction, or show proof of destruction of, any and all products, packaging, advertising, and promotional materials in Spectrum's possession or control that use the ENERGIZER Trade Dress, Beam Trademarks,

Beam Design, or any other mark, design, or configuration that is confusingly similar to or dilutes the ENERGIZER Trade Dress or Beam Trademarks, or is substantially similar to the Beam Design, including but not limited to the Infringing Packaging, and any advertising and promotional materials depicting the Infringing Packaging.

D.      That Spectrum be required to undertake corrective advertising to remedy the damage and injury to Energizer caused by Spectrum's unlawful, infringing, and dilutive use of Energizer's trademarks and trade dress.

E.      That Spectrum be directed to file with the Court and serve on Energizer, within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Spectrum has complied with the injunction.

F.      That Spectrum account for and pay over to Energizer all profits realized by Spectrum as a direct and proximate cause of Spectrum's unlawful conduct.

G.      That Energizer recover its actual damages.

H.      That the Court award enhanced profits and treble damages.

I.      That Energizer be awarded statutory damages.

J.      That Energizer be awarded punitive damages to deter any future violations of Energizer's rights.

K.      That Energizer be awarded interest, including pre-judgment interest and post-judgment, on the foregoing sums.

L.      That the Court deem this to be an exceptional case, and that the Court order Spectrum to pay Energizer the costs of this action and Energizer's reasonable attorneys' fees and expenses under 15 U.S.C. §§ 1116 and 1117, and 17 U.S.C. § 505.

M.      That the Court direct such other actions as the Court may deem just and proper to

prevent the public from deriving the mistaken impression that any products or services offered, advertised, or promoted by or on behalf of Spectrum are authorized by Energizer or related in any way to Energizer's products or services.

     N.     That Energizer has such other and further relief as the Court may deem just and proper.

Dated: December 19, 2016          Respectfully submitted,

                        /s/ Daniel M. O'Keefe

Daniel M. O'Keefe, Missouri Bar # 45819MO
Herbert R. Giorgio, Missouri Bar # 58524MO
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
314.259.2000
dmokeefe@bryancave.com
herb.giorgio@bryancave.com

Brendan O'Rourke*
Stephen M. Ahron*
Q. Jennifer Yang*
Tiffany M. Woo*
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
212.969.3000
212.969.2900 (f)
borourke@proskauer.com
sahron@proskauer.com
jyang@proskauer.com
twoo@proskauer.com
* *Pro Hac Vice* Applications Pending

*Attorneys for Energizer Brands, LLC*

## VERIFICATION

I am employed by Energizer Brands, LLC ("Energizer") as Chief Consumer Officer.

I have reviewed the Verified Complaint to be submitted by Energizer herein.  Based on information personally known to me, and upon information and belief, the information set forth in the Verified Complaint is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 19, 2016.

STATE OF _Missouri_
COUNTY OF _St. Louis_

SUBSCRIBED AND SWORN TO BEFORE ME
THIS _19th_ DAY OF _December_, 20 _16_

_Rhonda Thompson_
NOTARY PUBLIC

_Michelle M. Atkinson_
Michelle M. Atkinson

RHONDA C. THOMPSON
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires: July 01, 2018
Commission Number: 14986007